UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WILLIE CARPENTER,

    Petitioner,

vs.

RANDY GROUNDS, Warden,

    Respondent.

    No. C 10-1557 PJH (PR)

    **ORDER DENYING HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254.

## BACKGROUND

In 1982 a Los Angeles County jury convicted petitioner of first degree murder. He was sentenced to twenty-five years to life in prison. This petition is directed to a denial of parole on October 29, 2007.

## DISCUSSION

Petitioner raised only one issue in his petition, a contention that the parole denial was not supported by "some evidence." The court issued an order to show cause, in response to which respondent has filed a motion to dismiss the petition as barred by the statute of limitations. Because a recent Supreme Court case makes clear that the claim has no merit, the petition will be denied and the motion to dismiss will be denied as moot.

**I.   Merits**

Petitioner contends that there was not some evidence to support the parole denial, which he claims was a violation of due process. The United States Supreme Court has recently held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why

parole was denied . . . '[t]he Constitution . . . does not require more." *Swarthout v. Cooke*, No. 10-333, slip op. at 4-5 (January 24, 2011). That is, there is no due process requirement that a parole denial be supported by "some evidence." Petitioner's sole claim therefore is without merit.

**II.     Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The motion to dismiss (document number 5 on the docket) is **DENIED** as moot. A certificate of appealability is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 31, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\CARPEMTER1557.RUL.wpd